UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Beverly Hickerson,                              Case No. 3:20-cv-1678

           Plaintiff

    v.                                       MEMORANDUM OPINION
                                             AND ORDER

Commissioner of Social Security,

           Defendant

## I. INTRODUCTION

Before me is the Report & Recommendation ("R & R") of Magistrate Judge Amanda M. Knapp. (Doc. No. 21). Judge Knapp recommends I affirm the final decision of the Defendant Commissioner of the Social Security Administration denying Plaintiff Beverly Hickerson's applications for Supplemental Security Income and Disability Insurance Benefits. Hickerson timely filed objections to Judge Knapp's R & R. (Doc. No. 22). The Commissioner filed a form response not urging me to adopt Judge Knapp's R & R but not substantively responding to Hickerson's objections. (Doc. No. 23).

## II. BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Hickerson, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R. (Doc. No. 21 at 1-12).

### III. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

When reviewing a determination by the Commissioner of Social Security under the Social Security Act, a district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

A district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion."  *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005).  Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)) (alteration added by *Fleischer*). "[T]he Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

### IV.  DISCUSSION

In the R & R, Judge Knapp concluded that the ALJ's finding that Hickerson's lower extremity symptoms had "greatly improved" was supported by substantial evidence in the record and, therefore, the ALJ's citation to a non-existent exhibit in support of that statement was a harmless error. (Doc. No. 21 at 25; *see also* Doc. No. 13 at 28). Hickerson essentially objects to that conclusion. But in doing so, she faults Judge Knapp's statement that "Hickerson focuses her argument on her subjective complaints regarding symptoms," (Doc. No. 21 at 21), and suggests Judge Knapp ignored Hickerson's citations to objective clinical findings by restating those portions of her merits brief. (Doc. No. 22 at 1-2; *see also* Doc. No. 16 at 7-8).

Despite Hickerson's allegation to the contrary, Judge Knapp addressed each of the documents identified first in her merits brief and restated again here. (Doc. No. 21 at 24-25). For example, before me, Hickerson cites portions of records from two treatments in May 2019 to show her symptoms had not "greatly improved." (Doc. No. 22 at 1-2 (citing Doc. No. 13 at 2142, 2146-47)). But Judge Knapp addressed these records and Hickerson's identical arguments in the R & R, stating,

> Ms. Hickerson's argument that the ALJ did not adequately address her subjective symptoms focuses on two treatment visits to establish care with new providers in May 2019, shortly before her disability hearing. (ECF Doc. 16 pp. 7-8 (citing Tr. 2135-43 [Doc. No. 13 at 2140-48]).) In the first visit, Ms. Hickerson established care

3

> with an orthopedic provider on May 9, 2019, complaining of significant symptoms in her lower extremities that were not relieved by conservative treatment, and reporting only mild brief relief from prior vein procedures. (Tr. 2141 [Doc. No. 13 at 2146].) However, the same treatment notes indicate that Ms. Hickerson "has not really sought after any recent treatments." (Tr. 2141 [Doc. No. 13 at 2146].) While bilateral swelling of the ankles was noted on physical examination, her back and lower extremity findings were otherwise normal. (Tr. 2142 [Doc. No. 13 at 2147].) The treatment recommendations at that visit were conservative, and included a prescription for tramadol and a course of physical therapy. (Tr. 2142 [Doc. No. 13 at 2146].)
>
> In the second visit, Ms. Hickerson established care at a vein care center on May 14, 2019, with complaints of "aching, being awakened at night, burning, cramping, fatigue, heaviness, itching and swelling in both the right and left lower extremities" and reports that she had "not experienced significant improvement in her symptoms despite the fact of trying . . . various conservative measures." (Tr. 2135 [Doc. No. 13 at 2140].) On physical examination, the edema in her lower extremities was observed to be "moderate," but no varicose or reticular veins were noted in the lower extremities. (Tr. 2137 [Doc. No. 13 at 2142].) The treatment recommendations were for conservative therapy, including: stockings; leg elevation while sitting; avoidance of crossing legs, high heels, or standing/sitting for long periods of time; changing positions to frequently encourage blood flow; and trying to move around at least every 30 minutes. (Tr. 2139 [Doc. No. 13 at 2144].)

(Doc. No. 21 at 24-25).

Because Judge Knapp considered Hickerson's arguments regarding the objective clinical findings, I find no merit in Hickerson's objection. Judge Knapp correctly noted that the records cited by Hickerson, read as a whole, do not contradict the ALJ's finding that Hickerson's lower extremity symptoms had "greatly improved." Further, I agree with Judge Knapp's conclusion that "substantial evidence" supports that finding.

Aside from this specific raised in objection to the R & R, Hickerson also states a general challenge to the ALJ's residual functional capacity ("RFC") determination as a whole, asserting, "The ALJ's findings that Hickerson's lower extremity symptoms did not cause walking and standing problems are also erroneous." (Doc. No. 22 at 2). In support, she contends, "the most recent treatment notes in the medical record indicate that Hickerson was specifically advised to avoid 'standing/sitting for prolonged periods, this causes alot of aching and swelling' and to elevate her leg

4

while sitting." (*Id.* (quoting Doc. No. 13 at 2144)). But Hickerson ignores the RFC's specific contemplation of these issues by providing, though she is capable of performing "light work,"

> She must have the ability to alternate between sitting and standing, at her option, every 30 minutes for 1-2 minutes so long as she is not off-task or has to leave the vicinity of the workstation. She must be able to occasionally elevate the lower extremities 6 inches throughout the workday.

(Doc. No. 13 at 27). Hickerson does not allege these additional limitations on her ability to perform "light work" are insufficient. Therefore, like her objection to the R & R, I find her general challenge to the RFC determination meritless.

## V. CONCLUSION

For the foregoing reasons, I adopt Judge Knapp's R & R and overrule Hickerson's objections to it. (Doc. No. 22). The Commissioner's decision is affirmed, and this case is closed.

So Ordered.

                                               s/ Jeffrey J. Helmick
                                               United States District Judge